NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DALMA S. EDWARDS, | : | Civil Action No. 06-5785 (RBK) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| CHARLES E. SAMUELS, JR., | : | |
| Respondents. | : | |

**APPEARANCES:**

    DALMA S. EDWARDS, 54938-083
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

    J. ANDREW RUYMANN, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE,  United States Attorney
    402 East State Street, Room 430
    Trenton, New Jersey  08608
    Attorneys for Respondents

**KUGLER, District Judge**

    Petitioner Dalma S. Edwards filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the constitutionality of regulations promulgated by the Bureau of Prisons ("BOP") and failure to place him in a community corrections center ("CCC") for the final six months of his federal sentence.  Respondents filed an Answer and Petitioner filed a Reply to the Answer.  For the reasons expressed below, this Court will dismiss the Petition as moot.

## I.  BACKGROUND

On February 10, 2003, the United States District Court for the Eastern District of Virginia sentenced Petitioner to a 78-month term of incarceration and three years of supervised release. At the time he filed the Petition, Petitioner was incarcerated at FCI Fort Dix.  Petitioner challenges the constitutionality of the BOP's regulations limiting the duration of CCC placement and seeks an order directing Respondent to place him in a CCC for the final six months of his sentence, or from November 27, 2006, through May 25, 2007.

Respondent filed an Answer together with the declaration of Henry McKinnon, Unit Manager at FCI Fort Dix.  McKinnon asserts that Petitioner is serving a 78-month sentence, with a projected release date of May 27, 2007.  He alleges that, on an unspecified date, Petitioner's Unit Team recommended that Petitioner be placed in a CCC for the final 60 days of his sentence, effective March 29, 2007.  McKinnon states that the CCC placement decision for Petitioner was made in accordance with Woodall v. Fed. Bureau of Prisons, 432 F. 3d 235 (3d Cir. 2005), and was not connected to any other lawsuits or administrative grievance activity engaged in by Petitioner.  In December 2006, the Warden signed Petitioner's CCC placement form BP-210 and forwarded it to the Community Corrections Manager in North Carolina.  McKinnon asserts that the Community Corrections Manager in North Carolina established Petitioner's placement date as May 3, 2007, because no bed space was available prior to that date.  Respondent seeks dismissal of the Petition as moot.

In reply, Petitioner filed his own affidavits dated October 5, 2006, and February 28, 2007, together with several documents, and the affidavit of Linder Calcote dated October 13, 2006. Linder G. Calcote asserts that she visited Petitioner at FCI Fort Dix on September 8, 2006; on

September 19, 2006, she made a payment of $25.00 to the United States District Court for the Eastern District of Virginia on behalf of Petitioner; and she believes that the defendants captioned in Petitioner's criminal complaint committed retaliatory acts of reprisal against Petitioner. Petitioner asserts in his affidavit that his unit team members conspired to deprive him of a timely transfer to a CCC without due process of law.

On May 25, 2007, the BOP released Petitioner from custody.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner

3

challenges the effects of events 'subsequent' to his sentence." <u>Gomori v. Arnold</u>, 533 F.2d 871, 874 (3d Cir. 1976).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition. <u>See</u> <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F. 3d 235 (3d Cir. 2005).  The question here is whether BOP's release of Petitioner from its custody upon expiration of his term of imprisonment caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  <u>See</u> <u>Spencer</u>, 523 U.S. at 7; <u>DeFunis v. Odegaard</u>, 416 U.S. 312, 316 (1974); <u>Chong v. Dist. Dir., INS</u>, 264 F.3d 378, 383 (3d Cir. 2001).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "This "case-or-controversy" requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted).

In <u>Spencer v. Kemna</u>, <u>supra</u>, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired.  The Court explained that, because the reincarceration that the petitioner incurred as a result of the allegedly wrongful termination of his parole was over and the petitioner had not

4

proved the existence of "collateral consequences" of the parole revocation, the petition was moot. See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (prisoner's complaint for declaratory and injunctive relief challenging his transfer from medium to maximum security prison without explanation or hearing became moot after he had been transferred back to minimum security prison and a notation had been placed in his file stating that the transfer should have no bearing in any future determinations, insofar as there is now "no reasonable expectation that the wrong will be repeated").

In this case, Petitioner challenges the failure to place him in a CCC for the final six months of his 78-month federal sentence. It is undisputed that BOP released Petitioner from its custody on May 25, 2007, upon the expiration of his term of imprisonment. When the government released Petitioner from custody, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7; see also United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment). Accordingly, the Court dismisses the Petition as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

    s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:    September 18   , 2007

5